IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01128-LTB

GIBSON,

    Plaintiff,

v.

COLORADO COURT OF APPEALS,

    Defendant.

## ORDER

This matter is before the Court on the following motions filed by Plaintiff on August 18, 2014: "Appeal Pursuant to C.R.C.P. 60(a); Relief From Past Final Judgment or Order" (ECF No. 12); "Pursuant to Fed. R. Civil P. 45(b)(2); Extension of Time Limits and Excusable Neglect" (ECF No. 14); "Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24" (ECF No. 15); and "Petition for Writ of Habeas Corpus Civil Transport Pursuant to C.R.S. § 13-45-102; Civil Cases" (ECF No. 16). The Court must construe the motions liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court construes the motion titled "Appeal Pursuant to C.R.C.P. 60(a); Relief From Past Final Judgment or Order" (ECF No. 12) as a motion to reconsider the Order of Dismissal (ECF No. 8) and the Judgment (ECF No. 9) entered in this action on May 29, 2014. The Court dismissed the action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to cure a deficiency as directed. In particular, Plaintiff failed to file on the proper form a Prisoner Complaint. The Court also determined in the Order of Dismissal that any appeal would not be taken

in good faith and, therefore, denied Plaintiff leave to proceed *in forma pauperis* on appeal without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

Plaintiff does not contend in the motion to reconsider that he actually filed a Prisoner Complaint as directed and he does not address the reason the Court dismissed this action. Instead, he apparently takes issue only with the Court's determination that any appeal would not be taken in good faith and that leave to proceed *in forma pauperis* on appeal should be denied without prejudice to the filing of a new motion in the Tenth Circuit. The motion to reconsider will be denied because Plaintiff fails to demonstrate any reason why the Court should reconsider and vacate the determination that any appeal would not be taken in good faith.

The Court next will address the motion titled "Pursuant to Fed. R. Civil P. 45(b)(2); Extension of Time Limits and Excusable Neglect" (ECF No. 14), which the Court construes as a motion for an extension of time to file a notice of appeal. Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case generally must be filed with the clerk of the district court within thirty days after the judgment or order appealed from is entered. As noted above, the Court's Judgment (ECF No. 9) in this action was entered on May 29, 2014. Therefore, the thirty-day period to file a notice of appeal expired on June 30, 2014,[1] and Applicant's misdirected notice of appeal (ECF No. 11) filed on August 18, 2014, is untimely.

Pursuant to Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, the Court may extend the time to file a notice of appeal if the party moves for an extension of time within thirty days after the time provided in Rule 4(a) expires and the party shows excusable neglect or good cause. The motion for an extension of time will be

---

[1] The thirtieth day after May 29, 2014, was Saturday, June 28, 2014. Therefore, the time to file a notice of appeal was extended until the following Monday. *See* Fed. R. App. P. 26(a)(1)(C).

denied because the motion, which was filed more than thirty days after June 30, 2014, is untimely.

Even construing the motion titled "Pursuant to Fed. R. Civil P. 45(b)(2); Extension of Time Limits and Excusable Neglect" (ECF No. 14) as a motion to reopen the time to file a notice of appeal, the motion still must be denied. Pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure, the Court may reopen the time to file a notice of appeal if three conditions are met. One of the conditions is that the moving party did not receive notice of entry of the judgment or order sought to be appealed within twenty-one days after the judgment or order was entered. Plaintiff concedes that he received timely notice of the Court's Order of Dismissal and Judgment. (*See* ECF No. 10.) Therefore, the Court may not reopen the time to file a notice of appeal.

Next, Plaintiff's "Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24" (ECF No. 15) will be denied because the Court determined in the Order of Dismissal that leave to proceed *in forma pauperis* on appeal should be denied and, as discussed above, Plaintiff fails to demonstrate any reason why the Court should reconsider that determination.

Finally, Plaintiff requests in the motion titled "Petition for Writ of Habeas Corpus Civil Transport Pursuant to C.R.S. § 13-45-102; Civil Cases" (ECF No. 16) that the Court enter an order directing that he be transported to the Colorado State Hospital in Pueblo, Colorado. This motion will be denied because Plaintiff presents no authority that would authorize the Court to grant the relief requested in this dismissed action. Accordingly, it is

ORDERED that the motion titled "Appeal Pursuant to C.R.C.P. 60(a); Relief From Past Final Judgment or Order" (ECF No. 12), the motion titled "Pursuant to Fed. R. Civil P. 45(b)(2); Extension of Time Limits and Excusable Neglect" (ECF No. 14), the "Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R.

App. P. 24" (ECF No. 15), and the motion titled "Petition for Writ of Habeas Corpus Civil Transport Pursuant to C.R.S. § 13-45-102; Civil Cases" (ECF No. 16) are DENIED.

DATED at Denver, Colorado, this  25th  day of   August   , 2014.

BY THE COURT:

     s/Lewis T. Babcock
    LEWIS T. BABCOCK, Senior Judge
    United States District Court